IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ELVIRA C. LERMA, and**
**CHARLES R. LERMA,**

      **Plaintiffs,**

vs.                                                              No. CIV 05-109 JC/RLP\

**WAL-MART STORES, INC.,**

      **Defendant.**

## Memorandum Opinion and Order
## Granting Defendant's Motion to Strike Expert Witnesses

The matter before the court is Defendant's Motion to Strike Plaintiffs' Untimely Designated Experts [Doc. No. 28]. For the reasons stated here, the Motion is Granted.

Rule 26(a)(2) of the Federal Rules of Civil Procedure requires parties to disclose, without waiting for a discovery request, the identity of all expert witnesses, and for specially retained or employed expert witnesses, to provide a written report prepared and signed by the witnesses, containing

> . . .a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness withing the preceding ten years; the compensation to be paid for the study and testimony and a listing of any other cases in which the witness has testified as an expert at trial or by deposition withing the preceding four years.

Pursuant to the Provisional Discovery Plan entered July 19, 2005, Plaintiffs were required to provide reports from retained experts by November 1, 2005. [Doc. No. 6]. In the Initial Pretrial Report entered August 4, 2005, Plaintiffs represented that the only expert witness they intended to call was a treating physician. [Doc. No. 9, p. 7]. The November 1, 2005 deadline came and went, and

Plaintiffs disclosed no expert witnesses.

On December 1, 2005, Defendant met its Rule 26(a)(2) obligation, disclosing their expert witness and providing his report. [Doc. No. 19]. On the same day Defendant filed a Motion for Sanctions for Plaintiffs' failure to make required Rule 26(a)(1) disclosures (disclosure of lay witnesses, non-retained expert witnesses, documents supporting their claim, and their damage computation)[1]. [Doc. No. 20]. This court granted the Motion in part in an Order entered December 14, 2005. At no time did Plaintiffs indicate to the court that retained expert witnesses were as yet undisclosed.

On December 16, 2005 Plaintiffs served on Defendant a document titled "Initial Disclosures" which listed two retained experts, Stephen Rosen, PhD., a human engineer, and Everett Dillman, PhD., an economist. [Doc. No. 29, ex. 1(B)]. No report was provided for Dr. Dillman. To the extent Dr. Rosen evaluated factual materials in arriving at this opinions (e.g., statements, depositions, photographs, reports), his report fails to identify such materials in violation of F.R.Civ. P. 26(a)(2)(B). According to Defendant, Dr. Rosen's report refers to and relies on a customer safety manual which has not been produced with Dr. Rosen's report, or otherwise by Plaintiffs. [Doc. No. 29, p. 9]. Plaintiffs have not disputed this.

Plaintiffs attempt to justify their tardy and inadequate retained expert witness disclosures by stating that they identified experts as soon as possible[2] and requesting that the discovery deadlines be reset. It would be interesting to know when Plaintiffs' counsel first contacted these witnesses,

---

[1] Pursuant to F.R.Civ.P. 26(a), these disclosures were due prior to the Scheduling conference held August 2, 2005.

[2] "The Plaintiff's (sic) experts were identified as soon as those experts told Plaintiff's (sic) counsel that they were willing to provide an opinion in this case." (Doc. No. 40, 2nd page).

2

information Plaintiffs' counsel has not seen fit to provide.  If these experts were contacted well prior to the expert witness disclosure deadline of November 1, 2005, and if the experts simply hadn't been able complete their review, the appropriate course of action would have been to request additional time and a revision of the expert witness disclosure deadlines prior to mandatory disclosures made by Defendant.  If these experts were first contacted at or after the Plaintiffs' expert witness disclosure deadline, Plaintiffs' counsel is guilty of conduct which could be described on a continuum ranging from careless to unscrupulous.

Fed.R.Civ.P. 37(c)(1) governs sanctions for disclosure improprieties.   Before imposing sanctions pursuant to that Rule, the court must first find a failure to disclose information required by Fed.R.Civ.P. 26(a).   Upon finding a failure to disclose, the court should then consider whether the recalcitrant party has established substantial justification for the failure and whether it was harmless. Nguyen v. IBP, Inc., 162 F.R.D. 675, 679-80 (D.Kan.1995).

I find that Plaintiffs indeed  failed to disclose their  retained expert witnesses in accordance with Rule 26(a)(2) and the deadline established in the Provisional Discovery Plan.  I further find that there is no substantial justification, indeed, no justification,  for this failure and that this failure was not harmless[3].

Fed.R.Civ.P. 37(c)(1) governs sanctions for failure to make disclosure.  It provides in pertinent part:

---

[3]Noncompliance is harmless only when there is no prejudice to the opposing party.  In re Indep. Serv. Orgs. Antitrust Litig., 168 F.R.D. 651, 653 (D.Kan.1996).   The term "harmless" is included in Fed.R.Civ.P. 37 to cover such situations as "the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties;  the failure to list as a trial witness a person so listed by another party, or the lack of knowledge of a pro se litigant of the requirement to make disclosures." Fed.R.Civ.P. 37(c) advisory committee's note (1993 amend.).

> A party that without substantial justification fails to disclose information required by Rule 26(a) ... shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.  In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule and may include informing the jury of the failure to make the disclosure.

The selection and imposition of sanctions lies within the sound discretion of the court.  See Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir.1994).  I find that the appropriate sanction given Plaintiffs' conduct in this case is exclusion.  Plaintiffs may not call Dr. Rosen or Dr. Dillman at trial.

Defendants Motion to Strike Plaintiffs' Untimely Designated Experts [Doc. No. 28] is granted.  Stephen Rosen, PhD. and Everett Dillman, PhD. are hereby stricken from Plaintiffs' witness list.

**IT IS SO ORDERED.**

_____
Richard L. Puglisi
United States Magistrate Judge