IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ELVIRA C. LERMA, and**
**CHARLES R. LERMA,**

      **Plaintiffs,**

vs.                                                                                                    No. CIV 05-109 MV/RLP

**WAL-MART STORES, INC.,**

      **Defendant.**

**Memorandum Opinion and Order**
**Granting in Part Defendant's Motion for Sanctions**

      The matter before the court is Defendant's Motion for Sanctions Because of Plaintiffs' Failure to Comply with the Court's December 14 Order. [Doc. No. 30]. Defendant asks that this court sanction Plaintiffs for violation of F.R.C.P 26(a)(1)(B) and D.N.M. LR-CIV26.3(d). For the reasons stated herein the Motion is Granted in Part.

      On December 14, 2005, this court determined that no agreement existed between counsel for Plaintiffs and prior counsel for Defendant to waive Plaintiffs' compliance with the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1). Accordingly, this court entered its Order that Plaintiffs "shall comply with the initial disclosure requirements of Rule 26(a)(1) . . . no later than December 16, 2005." [Doc. No. 25]. Accordingly, Plaintiffs were ordered to disclose no later than December 16, 2005, the identity and contact information (if known) of lay witnesses, provide a copy or description of all exhibits they may use to support their claims and a compilation of damages. D.N.M. LR 26.3(d) supplements the initial disclosure requirements of F.R.Civ.P. 26(a), and requires that:

> In all cases in which the physical or mental medical condition of a party is an issue, the party whose condition is an issue must make a good faith effort to produce the following information that the disclosing party may use to support its claims or defenses, unless solely for impeachment: (1) A list of the name . . . of any healthcare

provider... which (has) treated the party within the last five years preceding the date of the occurrence set forth in the pleadings; (2) all records of such healthcare providers which are already in that party's possession; (3) for each healthcare provider, a signed medical authorization to release medical records form . . .

On December 16, 2005, Plaintiffs served on Defendant a document entitled "Initial Disclosures." [Doc. No. 31, Ex.1]. This document identified several treating physicians and other care providers, and purported to append their medical records. One of the physicians identified was George E. Lopez, M.D. Dr. Lopez has been Ms. Lerma's treating physician for over fifteen years. [Docket No. 37, p. 2]. Only three pages of medical records from his files were appended.[1] [Doc. No. 31, Ex. 1(F)]. On December 20, 2005, immediately prior to Plaintiff Elvira Lerma's deposition, counsel for Plaintiffs handed to Defendant's counsel a "First Supplement to Initial Disclosures". [Doc. No. 31, Ex. 2]. This document added two additional physicians who have treated Mrs. Lerma for vision problems, Dr. Villalobos and Dr. Greg Trubowitsch. Their treatment records were appended. [Doc. 31, Ex. 2(AA) & 2(BB)]. During the course of her deposition, Mrs. Lerma testified:

- That she had obtained the records from Dr. Villalobos a month earlier.

- That she had obtained the records from Dr. Trobowitsch two weeks earlier.

- That she had been to Dr. Lopez' office two week earlier, didn't want to pay $75 for a copy of his complete file, so decided to obtain only records related to her fall.

[Doc. No. 46, Ex. A].

Plaintiff Responds to the Motion stating that Ms. Lerma's medical records were provided to Defendant's claims department in July 2004, and that her counsel simply didn't have possession of any other medical records until December 15, 2005. [Doc. No. 37, p. 1]. Given Ms. Lerma's

---

[1] These records consist of a history and physical, CT scan and discharge summary prepared during Mrs. Lerma's hospital admission following the fall at issue here.

2

deposition testimony, the court infers that the records of Drs. Villalobos, Trobowitsch and Lopez were not sent to Defendant's claims department.[2]  There is no explanation offered as to why Drs. Villalobos and Trobowitsch were not identified in Plaintiff's December 16 disclosures or why records obtained by Plaintiff well prior to the December 16 deadline, and in Plaintiff's counsel's possession on December 15, were not included in the December 16 disclosures.

Plaintiffs also argue that they provided a medical records authorization to Defendant's prior counsel in September 2005.  Defendant's prior counsel was replaced by present counsel on October 31, 2005. [Doc. No. 13].   It appears that current counsel requested a medical records authorization applicable to its firm at that time  [Doc. No. 36, Ex. D, p. 3, and Ex. E].  Even if present counsel could somehow utilize the prior authorization, without a list of providers to whom to send it the authorization is of little use.

Finally, Plaintiff argues that no violation of F.R.Civ.P. 26(a) or D.N.M. LR 26.3(d) occurred, because they are not relying on any medical evidence prior to the date of injury at issue.  Claimants may not pick and choose what portions of their medical history to disclose.  It is clear Plaintiff's counsel understood that the initial disclosure requirements included identifying all medical care providers Mrs. Lerma saw for the five years preceding the injury at issue. [Doc. No. 37, Ex.E].

Fed.R.Civ.P. 37(c)(1) governs sanctions for disclosure improprieties.  Before imposing sanctions pursuant to that Rule, the court must first find a failure to disclose information required by Fed.R.Civ.P. 26(a).  Upon finding a failure to disclose, the court should then consider whether the

---

[2]Although Plaintiffs repeatedly state that all the medical records in  their possession were provided to Defendant's claims department in July 2004, at no point do they list the records provided, nor do they state that the records at issue were provided at that time.  Therefore, the court assumes that the records at issue were not provided.

recalcitrant party has established substantial justification for the failure and whether it was harmless. Nguyen v. IBP, Inc., 162 F.R.D. 675, 679-80 (D.Kan.1995).

I find that Plaintiff failed to make timely disclosures of information required by Fed.R.Civ.P. 26(a) and D.N.M. LR 26.3(d), and that no substantial justification was been presented for this conduct.  I further find that the conduct has not been harmless.

Defendant asks that this court bar Plaintiffs from presenting any evidence of damages, be barred from presenting any evidence of negligence of the part of Defendant, other than their own testimony, be required to pay attorney fees and costs incurred by Defendant related to travel to Las Cruces to take Mrs. Lerma's deposition, and be required to pay Defendant's attorney's fees and costs for all attempts to obtain records, including the filing of the instant motion.

The selection and imposition of sanctions lies within the sound discretion of the court.  See Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir.1994).   Although sanctions are warranted, the sanctions proposed by Defendant are too severe.

**IT IS HEREBY ORDERED AS FOLLOWS:**

(1)  Discovery is hereby reopened through March 1, 2006, to permit Defendant to depose Drs. Villalobos, Lopez and Trobowitsch.

(2)  Discovery is hereby reopened through March 1, 2006, to permit Defendant to re-depose Plaintiff Elvira Lerma.

(3)  Plaintiff will pay to Defendant one-half the attorney's fees and costs incurred in travel to and from Las Cruces, New Mexico, for Ms. Lerma's December 20, 2005 deposition.  Defendant's counsel will provide to Plaintiffs' counsel a statement documenting these fees and costs,  listing the hours spent in travel and the  hourly

billing rate charged.  Payment will be remitted within two weeks of receipt of this statement.

**IT IS SO ORDERED.**

_/s/ Richard L. Puglisi_
Richard L. Puglisi
United States Magistrate Judge