IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ELVIRA C. LERMA, and**
**CHARLES R. LERMA,**

      **Plaintiffs,**

vs.                                                                       No. CIV 05-109 MV/RLP

**WAL-MART STORES, INC.,**

      **Defendant.**

### Memorandum Opinion and Order
### Granting in Part and Denying in Part
### Defendant's Motion to Compel [Docket No. 33].

The matter before the court is Defendant's Motion to Compel Full and Complete Responses to Defendant's Second Set of Discovery, and for Sanctions. [Doc. No. 33]. At issue are Interrogatories 25, 26, 27, 30, 31, Request for Production 25, 37, 38 directed to Plaintiff Elirva Lerma, and Interrogatories 11 & 12 and Request for Production 9, directed to Plaintiff Charles Lerma, as well as the form of the verification page provided with Plaintiffs' answers to their Interrogatory Answers.

In response to **Interrogatories 25[1] and 26[2]**, Plaintiff Elivra Lerma responded "See Responses to previous discovery submitted by the Butt Thornton Law firm." Her response to **Interrogatory 30[3]** was slightly different, stating "See responses to previous discovery founded (sic) by the Butt

---

[1] Interrogatory 25 was not provided to the court in its entirely. However, it appears to ask for the identity of person who have given statements regarding the fall and injuries at issue in this case.

[2] Interrogatory 26 asked for information related to all personal injuries suffered before or after the fall at issue in this case.

[3] Interrogatory 30 asked for the identity and subject matter of anticipated testimony of every witness Plaintiff intended or might call at trial.

Thornton Law firm." Defendant represents that the information sought in these interrogatories was never requested in the referenced previous discovery. In her Response to the instant motion, Plaintiff doesn't mention previous discovery, but states that information has been provided in other forms to Defendant, e.g., at deposition or in correspondence. This is not in compliance with Rule 33, F.R.Civ. P. which requires that each interrogatory be answered separately and fully in writing and under oath, unless objected to. Cf. Union Pacific R. Co. v. Larkin, 229 F.R.D. 240, 243 (D. N.M. 2005). Plaintiff Elvira Lerma is hereby ordered to answer Interrogatories 25, 26 and 30 separately and fully, in writing and under oath.

**Interrogatory 27** sought Plaintiff Elvira Lerma's complete medical history, commencing twenty years prior to the fall at issue in this case. Plaintiff objected, stating that this information was irrelevant. Plaintiff's medical history is not irrelevant to issues in this case. However, the period of twenty years is excessive. Plaintiff Elvira Lerma is hereby ordered to answer Interrogatory No. 27, listing her complete medical history, commencing ten years prior to the fall at issue in this case. Defendant contends that **Request for Production 37** asks for production of these records.[4] [Doc. 34. p. 2]. Request for Production 37 does not pertain to Plaintiff's medical history. None of the Requests for Production appended to Defendant's Memorandum in Support of this Motion correspond to the information to be listed in the Answer to Interrogatory 27. Accordingly, Defendant's Motion to Compel production of documents requested in Request for Production 37 is denied.

**Interrogatory 31** asked for the description of every exhibit Plaintiff Elvira Lerma might or

---

[4]Request for Production 37 asked Plaintiff Elirva Lerma to produce "any and all documents evidencing Defendant's negligence on this matter."

would offer at trial. **Request for Production 25** asked that these documents be produced. Plaintiff responded to Interrogatory 31, listing diagrams submitted in answers to prior discovery, as well as medical bills, expenses and medical records. Plaintiff responded to the Request for Production by referring to discovery previously produced to Defendant's former counsel.

Prior motions filed in this matter have informed the court that many medical records were not in Plaintiff's possession when production was made to Defendant's prior counsel. The court does not have before it any information related to the disclosure of diagrams, medical bills or expenses. Plaintiff is hereby ordered to answer Interrogatory No. 31, listing with specificity the exhibits she will or might use at trial, and she is further ordered to respond to Request for Production 25, producing those exhibits to Defendant.

**Request for Production 38** asked Plaintiff Elvira Lerma to produce "any and all medical records concerning any eye treatment, eye appointments, or eye surgeries" commencing five years prior to October 21, 2003. Plaintiff responded that she "would supplement as received," and in response to this Motion to Compel, contends that all records of optical care in her possession were provided to counsel for Defendant on December 20, 2005, at her deposition. Defendant agrees that one copy of the records was brought to Plaintiff's deposition. Defendant complains, however that it cannot determine if the records are "sufficient, complete and responsive." Plaintiff identified her eye care physicians at her deposition. The records of those physicians were produced at that time. [See exhibits to Docket No. 31]. Although Plaintiff's tardy response to this Request for Production was inappropriate, no further response is required.

**Interrogatory 11** propounded to Plaintiff Charles LERMA asked him to describe the anticipated testimony of any witness he will or may call at trial. **Interrogatory 12** asked him to

3

describe all exhibits he will or may offer at trial. He responded to these Interrogatories by referring to responses to discovery submitted to Defendant's prior counsel. **Request for Production 9** asked him to produce all exhibits he will or may introduce at trial. He responded by referring to "previous discovery" sent to Defendant's prior counsel. Plaintiff's Interrogatory Answers and Response to Request for Productions are not in compliance with F.R.Civ. P. 33 and 34. Cf. Union Pacific R. Co. v. Larkin Id. Plaintiff Charles LERMA is hereby ordered to answer Interrogatories 11 and 12 separately and fully, in writing and under oath, and to provide a written response to Request for Production 30, following the procedure set out in F.R.Civ.P. 34(b).

Defendant further seeks to compel Plaintiffs to provide a verification pages for their interrogatories which attest under oath that the answers provided are true. Defendant further states that Plaintiff has promised to provide such revised verifications, but that these revised verifications had not been received as of the time this Motion to Compel was filed. Plaintiffs do not address this issue in their Response. Plaintiffs are hereby ordered to provide verification pages for their interrogatory answers, both those previously provided, and the supplemental answers required by the Memorandum Opinion and Order, which conform to the requirements of F.R.Civ.P. 33.

**IT IS ORDERED** as follows:

1. Plaintiff Elvira Lerma shall:

    A. Answer Interrogatories 25, 26 and 30 separately and fully, in writing and under oath;

    B. Answer Interrogatory No. 27, listing her complete medical history, commencing ten years prior to the fall at issue in this case;

    C. Answer Interrogatory No. 31, listing with specificity the exhibits she will or

4

       might use at trial;

    D.    Respond in writing to Request for Production 25, and produce those exhibits to Defendant.

2.    Plaintiff Charles Lerma shall:

    A.    Answer Interrogatories 11 and 12 separately and fully, in writing and under oath;

    B.    Respond in writing to Request for Production 9, and shall produce those exhibits to Defendant.

3.    Plaintiff Elvira Lerma and Plaintiff Charles Lerma shall provide verifications pages for their answers to interrogatories that are in compliance with F.R.Civ.P. 33.

4.    All Interrogatory Answers and Responses to Request for Production ordered herein shall be provided to Defendant on or before February 21, 2006.

5.    Defendant's Motion for Sanctions will be taken under advisement

**IT IS SO ORDERED.**

                                      Richard L. Puglisi
                                  United States Magistrate Judge