IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ELVIRA C. LERMA and**
**CHARLES R. LERMA,**

      **Plaintiffs,**

vs.                                                                                 No. CIV 05-109 MV/RLP

**WAL-MART STORES, INC.,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFFS' MOTION TO VACATE TRIAL SETTING**
**AND/OR RESET DISCOVERY DEADLINES.**

This matter comes before the court on Plaintiffs' Motion to Vacate Trial Setting and/or Reset Discovery Deadlines.

Rule 16(b) provides that a court shall enter a scheduling order limiting, among other things, the time to complete discovery. "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." Fed.R.Civ.P. 16(b). The corresponding Local Rule, D.N.M. LR-16.1, provides that Initial Pretrial Reports are submitted by the parties to the assigned Magistrate Judge, and that any modification to the deadlines established in the Initial Pretrial Report "require a showing of good cause and Court approval."

The good cause requirement of Rule 16(b) focuses on whether, despite diligence, the moving party could not have reasonably met the deadline. *See* Advisory Committee Notes to 1983 Amendment to Fed.R.Civ.P. 16(b) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.") *See also O'Connell v. Hyatt Hotels*, 357 F.3d 152, 154 (1st Cir.2004) (citation omitted); *Leary v.*

*Daeschner*, 349 F.3d 888, 906 (6th Cir.2003) (citation omitted); *Grochowski v. Phoenix Construction, Ypsilon Construction Corp. Inc.*, 318 F.3d 80, 86 (2d Cir.2003)("A finding of good cause depends on the diligence of the moving party." (citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir.2000)); *S & W Enters. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir.2003); *Sosa v. Airprint Sys.*, 133 F.3d 1417, 1418 (11th Cir.1998)(*per curiam*)("This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension." ' (citation omitted)); *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir.1992)("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment .") See *Denmon v. Runyon,* 151 F.R.D. 404, 407 (D.Kan.1993)(affirming the magistrate judge's order denying the plaintiff's motion to amend after the deadline established by the scheduling order had passed and stating that, "[t]o establish 'good cause,' the party seeking to extend the deadline must establish that the scheduling order's deadline could not have been met with diligence").

  The Initial Pretrial Report was entered on August 4, 2005. [Doc. No. 9]. Plaintiffs' Motion cites to no factors which could establish that with proper diligence, they could not have complied with the disclosure and discovery deadlines set out therein.

  Accordingly, Plaintiffs' Motion to Vacate Trial Setting and/or Reset Discovery Deadlines is denied.

                  _____
                    Richard L. Puglisi
                    United States Magistrate Judge