IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ELVIRA C. LERMA and**
**CHARLES R. LERMA,**

      **Plaintiffs,**

vs.   No. CIV  05-0109 LCS/RLP

**WAL-MART STORES, INC.,**

      **Defendant,**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion for Summary Judgment filed on March 20, 2006.  (Doc. 59.)  The Court, acting upon consent and designation pursuant to 28 U.S.C. § 636(c), and having reviewed the motions and considered the arguments and submissions of counsel, relevant authorities, and being otherwise fully advised, finds that the motion should be **GRANTED IN PART AND DENIED IN PART**.

    **I.**    **FACTS**

This action arises out of an incident in which Mrs. Lerma tripped and fell while she and her husband were shopping in Defendant's Las Cruces store on October 23, 2003.  (Docs. 60, Ex. A at 74:8-12; 76 at 4.)  Immediately before the accident occurred, Mrs. Lerma had stepped behind her husband to move out of the way of another shopper in the beer and wine aisle.  (Doc. 64, Ex. B at 49:4-25, 50:1-8.)  Still walking behind her husband, Mrs. Lerma turned the corner of the aisle and tripped over a merchandise display pallet.  (Docs. 60, Ex. A at 74:8-12; 64, Ex. B at 50:17-25.)  Mrs. Lerma sustained injuries from the fall.  (*See* Doc. 60, Ex. C.)

## II.     SUMMARY JUDGMENT STANDARD

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  Generally, the Movant bears the initial burden of establishing that no genuine issue exists as to any material fact.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970) (citation omitted).  When applying this standard, the Court examines the record and reasonable inferences "in the light most favorable to the nonmoving party." *See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999) (citation omitted).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).  The Movant's initial burden may be discharged by showing "there is an absence of evidence to support the non-moving party's case."  *Celotex v. Catrett*, 477 U.S. 317, 325 (1986).  Once the Movant meets its burden, the burden shifts to the non-moving party to demonstrate that there is a genuine issue for trial on a material matter.  *See Simms*, 165 F.3d at 1326 (citation omitted).

## III.    ANALYSIS

### A.    Plaintiffs' Negligent Supervision and Training Claim Does Not Survive Summary Judgment.

Plaintiffs allege that Defendant "fail[ed] to properly train and supervise employees and vendors who [constructed] displays" in Defendant's store.  (Doc. 1, Complaint at 2.)  A plaintiff

2

alleging negligent training and supervision in New Mexico must demonstrate that "'the employer knew or reasonably should have known that some harm might be caused by the acts or omissions of the employee who is entrusted with such position.'" *Chavez v. Thomas & Betts Corp.*, 396 F.3d 1088, 1099 (10th Cir. 2005), quoting *Ocana v. Am. Furniture Co.*, 91 P.3d 58, 73 (N.M. 2004).

> In order to survive summary judgment on her negligent supervision and retention claim, [Mrs. Lerma] must show that a genuine issue of material fact exists as to whether: (1) an employee [or vendor of Wal-Mart] engaged in a wrongful act that injured her; and (2) that [Wal-Mart] was negligent in supervising or retaining that employee [or vendor].

*Fritsch v. First Savings Bank*, Civ. No. 01-713, Doc. 147 at 30 (D.N.M. May 2, 2002). Plaintiffs admit that they "do not have any evidence to support their negligent training and supervision claim." (Doc. 64 at 5.) Bare allegations that there is some causal connection between insufficient training in pallet placement and Mrs. Lerma's accident are not enough to survive summary judgment. Because Plaintiffs have provided no evidence whatsoever to support this claim, they have failed to create a triable issue of fact, and summary judgment for Wal-Mart is appropriate. Moreover, Plaintiffs failed to mention the negligent training and supervision claim in the pretrial order. (Doc. 76.) The pretrial order "supercedes the parties' pleadings[ and] 'controls the scope and course of trial; a claim or issue not included in the order is waived.'" *Chavez v. City of Las Cruces*, Civ. No. 05-286, Doc. 67 at 11 (D.N.M. July 10, 2006) (quoting *Arsement v. Spinnaker Exploration Co.*, 400 F.3d 238, 245 (5th Cir. 2005); citing *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002) ("'claims, issues, defenses, or theories of damages not included in the pretrial order are waived even if they appeared in the complaint'"). *Accord* FED. R. CIV. P. 16(e) ( "'Th[e] [pretrial] order shall control the subsequent course of the action . . . .'")). As such, the

3

negligent supervision and training claim is dismissed and summary judgment is granted in favor of Defendant on this issue.

    **B.    Plaintiffs' Claim for Loss of Consortium Damages Does Not Survive Summary Judgment.**

Plaintiffs allege that "[a]s a direct and proximate result of the negligence and carelessness of Defendant Wal-Mart, Plaintiff Elvira Lerma has been and will be deprived of the usual services, comfort and society of her husband." (Doc. 1, Complaint at 3.)  The Court notes initially that the claim is pled incorrectly.  "Loss of consortium is . . . the emotional distress suffered by one spouse who loses the normal company of his or her mate when the mate is physically injured due to the tortious conduct of another." *Romero v. Byers*, 872 P.2d 840, 843 (N.M. 1994).  No factual basis for loss of consortium damages by *Mrs.* Lerma has been pled; *Mr.* Lerma is the proper person to claim damages for loss of consortium.  *See* UJI 31-1810, 1810A.  Regardless of this error, Plaintiffs have abandoned the issue by failing to assert it in either the initial pretrial report or the pretrial order.  (Docs. 9, 76.)

As discussed above, "claims, issues, defenses, or theories of damages not included in the pretrial order are waived even if they appeared in the complaint . . . ." *Wilson*, 303 F.3d at 1215. The only damages sought in the pretrial order are compensatory damages. (Doc. 76 at 3.) "The damages sought in a loss-of-consortium action are consequential or special damages." *Archer v. Roadrunner Trucking Inc.*, 930 P.2d 1155, 1161 (N.M.1996) (citations omitted).  While Plaintiffs indicate that they expect to present testimony from Mr. and Mrs. Lerma concerning limitations Mrs. Lerma experiences in household functions and social activities, such anticipated testimony does not preserve the damages previously (albeit incorrectly) asserted in their complaint.  (*Id.* at

6-7.) *See also Wilson* 303 F.3d at 1215.  Additionally, Plaintiffs failed to even address Defendant's contention that the loss of consortium issue should be dismissed.  (*See* Doc. 64.) This District's local rules provide that failing to respond to a motion "constitutes consent to grant the motion."  D.N.M. LR-Civ. 7.1(b).  For these reasons, the claim for loss of consortium damages will be dismissed and Defendant's motion is granted as to this issue.

### C.   Mrs. Lerma Has Asserted a Negligence Claim.

While "we do not normally expect to see claims or defenses not contained in the pleadings appearing for the first time in the pretrial order, especially in such cursory form[,]" it appears that Mrs. Lerma has managed to plead a negligence claim.  *Wilson*, 303 F.3d at 1215.  Mrs. Lerma contends that "Employees of Wal-mart/and [sic] or its agents left an oversized pallet protruding 18" into the isle [sic].  Mrs. Lerma tripped over the pallet causing serious injury."  (Doc. 76 at 3.) This claim can also be seen in rudimentary form in the initial pretrial report.  (Doc. 9 at 2 ("'Walmart [sic] should have known that once the cases of beer were removed from the pallet that a customer wouldn't be able to see the pallet sticking out into the isle [sic]. . . .").)

The Court does not approve of the manner in which Plaintiff inserted her claim into this suit.  "Such a practice deprives one's adversary of fair notice, possibly discovery, and the opportunity for motion practice . . . ."  *Wilson* 303 F.3d at 1215-16.  Mrs. Lerma should have described the negligence claim "with specificity and clarity so as to minimize the ill effects of" her late addition.  *Id.* at 1216.  Suffice to say, Mrs. Lerma's negligence claim is not the model of clarity; however, Defendants did have notice of a potential negligence claim as early as August 4, 2005 when the parties filed the initial pretrial report.  (Doc. 9 at 2 ("'Walmart [sic] should have known that once the cases of beer were removed from the pallet that a customer wouldn't be able

5

to see the pallet sticking out into the isle [sic]. . . .").) "When an issue is set forth in a pretrial order, it is not necessary to amend previously filed pleadings.  Unless modified as provided by Rule 16(e), the pretrial order is the controlling document for the trial." *Expertise, Inc. v. Aetna Finance Co.*, 810 F.2d 968, 973 (10th Cir. 1987) (citations omitted).  Consequently, Mrs. Lerma has a cause of action for negligence.

### IV.   CONCLUSION.

After considering all of the evidence and construing all inferences in favor of Plaintiffs, I find that the negligent supervision and training and loss of consortium claims should be dismissed with prejudice and Defendant's motion granted as to these claims.  In addition, I find that Mrs. Lerma has a cause of action for negligence as framed in the pretrial order, and so Defendant's motion will be denied in that the case as a whole is not dismissed.

**WHEREFORE,**

**IT IS ORDERED** Defendants' motion is **GRANTED IN PART;**

**IT IS FURTHER ORDERED** that Plaintiffs' claims of negligent supervision and training and loss of consortium are **DISMISSED WITH PREJUDICE;**

**IT IS FURTHER ORDERED** that the parties are to prepare for trial on Mrs. Lerma's claim of negligence.

**IT IS SO ORDERED.**

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**